AUTO-OWNERS INSURANCE COMPANY v HOADLEY

HOADLEY v AUTO-OWNERS INSURANCE COMPANY

Docket Nos. 141580, 142854. Submitted June 3, 1993, at Lansing. Decided September 20, 1993, at 9:35 A.M.

Auto-Owners Insurance Company, the no-fault insurer of a motor vehicle involved in an accident with an uninsured motorcycle ridden by Ronald T. Hoadley, brought an action in the Genesee Circuit Court against Hoadley, seeking a declaration that it had no liability to Hoadley for personal protection insurance benefits under the no-fault act. Hoadley, who was not the title holder or registrant of the motorcycle, brought an action against Auto-Owners in the same court, seeking personal protection insurance benefits. The court, Valdemar L. Washington, J., granted summary disposition for Auto-Owners in both actions. Hoadley appealed in each case. The appeals were consolidated.

The Court of Appeals held:

MCL 500.3113(b); MSA 24.13113(b) provides that a person is not entitled to personal protection insurance benefits for accidental bodily injury if at the time of the accident the person was the owner or registrant of an uninsured motorcycle involved in the accident. The term "owner" is defined by MCL 500.3101(2)(g)(i); MSA 24.13101(2)(g)(i) as a person renting or having the use of a motor vehicle for a period longer than thirty days. "Owner" is also defined by MCL 500.3101(2)(g)(ii); MSA 24.13101(2)(g)(ii) as a person who holds the legal title to a vehicle. MCL 500.3101(2)(c); MSA 24.13101(2)(c) defines "motorcycle" as a vehicle with no more than three wheels and powered by a motor that exceeds fifty cubic centimeters in piston displacement, and MCL 500.3101(2)(e); MSA 24.13101(2)(e) defines "motor vehicle" to not include motorcycles. Under

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340-356.

Effect of statutory exclusion, from personal injury protection of no-fault insurance coverage, of owner, registrant, or occupant of uninsured vehicle. 27 ALR4th 176.

What constitutes "motor vehicle" for purposes of no-fault insurance. 73 ALR4th 1053.

the specific definitions of the terms "owner," "motor vehicle," and "vehicle" in the no-fault act, only the person who holds legal title to an uninsured motorcycle may be denied personal protection insurance benefits for accidental bodily injury under MCL 500.3113(b); MSA 24.13113(b).

In this case, because Hoadley is not the owner of the motorcycle, he is not precluded by MCL 500.3113(b); MSA 24.13113(b) from seeking personal protection insurance benefits for the injuries he sustained.

Reversed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — UNINSURED MOTORCYCLES.

Personal protection insurance benefits under the no-fault act are available to a rider of an uninsured motorcycle for accidental bodily injury sustained in an accident involving an insured automobile only if the rider does not hold legal title to the motorcycle (MCL 500.3101[2][c], [e], [g][i], [ii], 500.3113[b]; MSA 24.13101[2][c], [e], [g][i], [ii], 24.13113[b]).

*Charles F. Filipiak,* for Auto-Owners Insurance Company.

*David S. Leyton,* for Ronald T. Hoadley.

Before: REILLY, P.J., and SAWYER and P. J. CLULO,* JJ.

SAWYER, J. The circuit court granted summary disposition in favor of Auto-Owners Insurance Company in its action for declaratory judgment and in Ronald Hoadley's action for payment of personal protection insurance benefits under the no-fault act. Hoadley now appeals and we reverse.

Hoadley was operating a motorcycle when he became involved in an accident with a motor vehicle insured by Auto-Owners. The motorcycle at the time of the accident was not insured and was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

titled in Hoadley's mother's name.[1] Hoadley sought the payment of personal protection insurance benefits under MCL 500.3114(5); MSA 24.13114(5). Auto-Owners denied coverage under the provisions of MCL 500.3113(b); MSA 24.13113(b), which denies personal protection insurance benefits to the owner or registrant of a motor vehicle or motorcycle who has failed to have the required insurance coverage. That statute provides in pertinent part as follows:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> *    *    *
>
> (b) The *person was the owner* or registrant *of a* motor vehicle or *motorcycle* involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect. [MCL 500.3113; MSA 24.13113. Emphasis added.]

It is undisputed that the insurance required under § 3103 was not in effect. It is disputed, however, whether Hoadley comes within the definition of "owner" of a motorcycle.

The no-fault act, under MCL 500.3101(2)(g); MSA 24.13101(2)(g), defines the term "owner" as follows:

> (2) As used in this Chapter:
>
> *    *    *
>
> (g) "Owner" means any of the following:
>
> (i) A person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days.
>
> (ii) A person who holds the legal title to a

---

[1] Hoadley had previously held title to the motorcycle, but had transferred title to his mother approximately one year before the accident in repayment of a debt.

vehicle, other than a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle pursuant to a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days.

(iii) A person who has the immediate right of possession of a motor vehicle under an installment sale contract.

Auto-Owners argues that Hoadley is an owner of the motorcycle, although title to the motorcycle was held by his mother, because he had use of the motorcycle for a period greater than thirty days, thus coming within the definition of "owner" under § 3101(2)(g)(i). We disagree. That definition, as well as the definition contained in subdivision iii, refers to the owner of a "motor vehicle," while the definition of "owner" in subdivision ii refers to the person who holds legal title to a "vehicle." Section 3101(2) also defines the terms "motorcycle" and "motor vehicle":

(c) *"Motorcycle" means a vehicle* having a saddle or seat for the use of the rider, designed to travel on not more than 3 wheels in contact with the ground, which is equipped with a motor that exceeds 50 cubic centimeters piston displacement. The wheels on any attachment to the vehicle shall not be considered as wheels in contact with the ground. Motorcycle does not include a moped, as defined in section 32b of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.32b of the Michigan Compiled Laws.

\* \* \*

(e) *"Motor vehicle" means a vehicle,* including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. *Motor vehicle does not include a motorcycle* or a moped, as defined in section 32b of Act No. 300 of the Public Acts of 1949, being section 257.32b of the Michigan

Compiled Laws. Motor vehicle does not include a farm tractor or other implement of husbandry which is not subject to the registration requirements of the Michigan vehicle code pursuant to section 216 of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.216 of the Michigan Compiled Laws.

In reading these definitions, it can be seen that the term "vehicle" is not interchangeable with "motor vehicle." Rather, "vehicle" is a broad category of objects that includes both motorcycles and motor vehicles. "Motor vehicle" is, on the other hand, a narrower category of objects that specifically excludes motorcycles by definition. Thus, while both motorcycles and motor vehicles are vehicles, a motorcycle is not a motor vehicle.

Returning to the definition of "owner" under § 3101(2)(g), the Legislature employs both the term "vehicle" and the term "motor vehicle" in its definitions. Specifically, two of the definitions of "owner," that relating to persons renting a motor vehicle or having use for a period greater than thirty days and persons who have immediate right of possession of a motor vehicle under a sales contract, involve only "motor vehicles." The remaining definition, referring to persons who hold legal title to a vehicle, employs the broader term "vehicle." Inasmuch as the Legislature had previously within the same section defined "motor vehicles" as being a subset of the category of "vehicles," we must assume that the Legislature understood that the two terms were not interchangeable. Accordingly, we must also conclude that the Legislature intentionally used the term "motor vehicle" in two definitions of the term "owner," while using the broader term "vehicle" in the remaining definition of owner. Thus, the Legislature must have intended one definition of owner to

apply to all vehicles, while the remaining two definitions were only to apply to motor vehicles. Therefore, it must also be concluded that only one of the definitions of "owner" applies to motorcycles, namely the definition contained in subdivision ii, which refers to persons who hold legal title to a vehicle. Accordingly, while persons other than the individual who holds legal title to a motor vehicle may be the owner of a motor vehicle under the no-fault act, only those persons who hold legal title to a motorcycle are owners of the motorcycle under the no-fault act.

Because only the person who holds legal title to a motorcycle is the owner of that motorcycle under the no-fault act, it necessarily follows that Ronald Hoadley was not an owner of the motorcycle because legal title to the motorcycle.was held by his mother. Returning to § 3113(b), only a person who is the owner or registrant of a motorcycle is excluded from receiving personal protection insurance benefits for the failure to maintain the insurance required under the act. Because Ronald Hoadley is neither the owner nor the registrant of the motorcycle, he is not precluded under § 3113(b) from obtaining personal protection insurance benefits.

Auto-Owners argues that we should read the no-fault act in pari materia with the Vehicle Code in defining the term "owner" and that, if we do so, Ronald Hoadley comes within the definition of owner of the motorcycle. There are certainly cases arising under the no-fault act in which this Court will look to the Vehicle Code for guidance in determining the meaning of a term used in the no-fault act or in an insurance policy. See, e.g., *Stanke v State Farm Mutual Automobile Ins Co,* 200 Mich App 307; 503 NW2d 758 (1993) (use of the definition of "owner" under the Vehicle Code,

MCL 257.37[a]; MSA 9.1837[a], in interpreting the definition of a non-owned car under an insurance policy).

In the case at bar, however, the no-fault act itself provides specific definitions of the terms involved. Specifically, the Legislature chose to limit the definition of "owner" where the person has use of the vehicle for more than thirty days to those circumstances involving motor vehicles only, while elsewhere providing a definition of the word "owner" that applies to all vehicles. The Legislature provided a specific definition of the word "owner" and specifically chose which portions of that definition were to apply to motor vehicles only and which portions of the definition were to apply to all vehicles, including motorcycles. It would therefore be inappropriate to look to the Vehicle Code in order to apply a definition of "owner" to motorcycles that the Legislature specifically limited to motor vehicles, not including motorcycles, in its definitions under the no-fault act. In other words, while reference to the Vehicle Code may be used to clarify the meaning of a term used in the no-fault act, it cannot be used to change the meaning of a term specifically defined in the no-fault act.

Finally, Auto-Owners also argues that this interpretation of the word "owner" as applied to motorcycles would allow motorcyclists to avoid the requirement to procure insurance without losing the right to personal protection insurance benefits merely by transferring title of the motorcycle to another family member. This is true. However, it is for the Legislature, and not this Court, to determine whether and to what extent to penalize motorcyclists for failure to procure insurance. It would be inappropriate for us to presume that this represents an unintended result by the Legislature

and change the definitions carefully crafted by the Legislature. The Legislature has clearly treated motorcycles differently from motor vehicles under the no-fault act. Therefore, reasoning and policy that apply to motor vehicles do not necessarily translate to motorcycles.

Perhaps this "loophole" was not intended by the Legislature; perhaps, on the other hand, the Legislature simply chose not to penalize motorcyclists as harshly as motor vehicle drivers with respect to the failure to maintain the required insurance coverage in keeping with the different treatment of motorcycles and motor vehicles under the no-fault act. If the latter is the case, then for us to change the statutory definitions would improperly usurp the power of the Legislature. If the former is the case, then we trust that the Legislature will move to close the "loophole" if it deems it advisable. In any event, that represents a decision for the Legislature to make, not this Court.

For the above reasons, we conclude that the trial court erred in granting summary disposition in favor of Auto-Owners. Because Ronald Hoadley did not hold legal title to the motorcycle, he was not an owner of the motorcycle under the no-fault act and, therefore, was not prevented from receiving personal protection insurance benefits under MCL 500.3113(b); MSA 24.13113(b).

Reversed. Appellant may tax costs.