# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN LACEY,

       Plaintiff-Appellee,

and

NORTHLAND RADIOLOGY, INC., RAJ &
ASSOCIATES MD, PC, and VHS OF
MICHIGAN, INC., doing business as DETROIT
MEDICAL CENTER,

       Intervening Plaintiffs-Appellees,

v

AUTO CLUB INSURANCE ASSOCIATION,

       Defendant-Appellant,

and,

PROGRESSIVE MARATHON INSURANCE
COMPANY,

       Defendant-Appellee,

and

MICHIGAN ASSIGNED CLAIMS PLAN and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

       Defendants.

UNPUBLISHED
April 10, 2018

No. 335580
Wayne Circuit Court
LC No. 15-006459-NI

Before: SERVITTO, P.J., and MARKEY and O'CONNELL, JJ.

PER CURIAM.

-1-

In this priority dispute between no-fault insurers, defendant-appellant Auto Club Insurance Association (ACIA) appeals as of right the trial court's grant of summary disposition in favor of defendant-appellee Progressive Marathon Insurance Company (Progressive) pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). Because the ownership of the pickup truck in the car accident raises a question of fact, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case arises out of injuries suffered by plaintiff, Stephen Lacey, in a single-vehicle accident in November 2014. At the time of the accident, Lacey was employed by Michigan Wildlife Removal, LLC (MWR), which is co-owned by non-party brothers Kyle Scappaticci (Kyle) and Kevin Scappaticci (Kevin). Lacey was driving a pickup truck that was furnished to him for work purposes. The pickup truck's title owner was Kyle's wife, Jennifer Scappaticci (Jennifer). Although Jennifer and Kyle insured several vehicles through one of ACIA's affiliate companies, American Automobile Association, they did not insure the pickup truck. Rather, Kevin and his wife, Dana Scappaticci (Dana), insured the pickup truck through Progressive.

Lacey instituted this action seeking personal protection insurance (PIP) benefits. He named ACIA, Progressive, the Michigan Assigned Claims Plan, and the Michigan Automobile Insurance Placement Facility as defendants, alleging that one or more of those entities had priority to pay his PIP benefits. The various insurers filed competing motions seeking summary disposition under MCR 2.116(C)(10) and (I)(2). The trial court ruled that ACIA, as Jennifer's insurer, was solely responsible to pay all of Lacey's PIP benefits pursuant to MCL 500.3114(4). Accordingly, the trial court granted the other insurers, including Progressive, summary disposition. On appeal, ACIA argues that the trial court erred by so ruling. We agree.

## II. STANDARD OF REVIEW

We review de novo questions regarding the interpretation and application of the no-fault act, *Farmers Ins Exchange v AAA of Mich*, 256 Mich App 691, 694; 671 NW2d 89 (2003), and a trial court's decision regarding a motion for summary disposition, *Heaton v Benton Constr Co*, 286 Mich App 528, 531; 780 NW2d 618 (2009).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotations marks and citations omitted).]

"This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

## III. DISCUSSION

"When determining the priority of insurers liable for no-fault PIP benefits, courts must examine MCL 500.3114." *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 254; 819 NW2d 68 (2012). MCL 500.3114 provides, in pertinent part:

> (1) Except as provided in subsections (2), (3), and (5), a [PIP] policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

> * * *

> (3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury *while an occupant of a motor vehicle owned or registered by the employer*, shall receive [PIP] benefits to which the employee is entitled *from the insurer of the furnished vehicle*.

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim [PIP] benefits from insurers in the following order of priority:

> (a) The insurer of the owner or registrant of the vehicle occupied.

> (b) The insurer of the operator of the vehicle occupied. [Emphasis added.]

"[T]he general rule is that one looks to a person's own insurer for no-fault benefits unless one of the statutory exceptions, subsections 2, 3, and 5, applies." *Parks v Detroit Auto Inter-Insurance Exch*, 426 Mich 191, 202-203; 393 NW2d 833 (1986). If neither the general rule nor any of the above exceptions apply, then the injured person must seek PIP benefits from insurers in the order of priority set forth by MCL 500.3114(4). *Id*. at 203 n 3. In that case, deciding which insurer is liable for PIP benefits depends on "the circumstances in which the injury occurred. In these instances, the relationship between the injured person and motor vehicles involved in the accident determines which insurance source is liable for the payment of benefits." *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 253; 293 NW2d 594 (1980).

In this case, the parties agree that this dispute turns on whether the exception set forth in MCL 500.3114(3) applies and, if not, how MCL 500.3114(4) applies. Which provision applies depends on a question of statutory interpretation: who qualifies as the vehicle's "owner"? At the

-3-

time of the accident,[1] and as it pertains to this case, the no-fault act, MCL 500.3101 *et seq*., defined an "owner" as a "person renting a motor vehicle *or having the use thereof*, under a lease *or otherwise*, *for a period that is greater than 30 days*." MCL 500.3101(2)(h)(*i*) (emphasis added). A motor vehicle may have multiple owners. *Ardt v Titan Ins Co*, 233 Mich App 685, 692; 593 NW2d 215 (1999).

Moreover, a limited liability company, such as MWR, qualifies as a "person" under former MCL 500.3101(2)(h)(*i*). The no-fault act does not statutorily define a "person." However, MCL 8.3*l*—which predates the no-fault act[2]—provides that, in construing statutory language, MCL 8.3, "[t]he word 'person' may extend and be applied to bodies politic and corporate, as well as to individuals." Likewise, the Michigan Vehicle Code, MCL 257.1 *et seq*., defines a "person" as "every natural person, firm, copartnership, association, or corporation and their legal successors." MCL 257.40.[3] Accordingly, in this case, MWR is a "person."

Turning to the heart of the matter, we agree with ACIA that the trial court erred in several respects. To begin with, it erred by reasoning that MWR could not be considered an "owner" of the pickup truck because it "didn't . . . have *exclusive* use of the vehicle for at least 30 days. . . ." (Emphasis added.) "[N]othing will be read into a statute that is not within the manifest intent of the Legislature as gathered from the act itself." *In re Marin*, 198 Mich App 560, 564; 499 NW2d 400 (1993). Nothing in the plain language of former MCL 500.3101(2)(h)(*i*) requires "exclusive" use. Rather, the trial court seems to have conflated the no-fault act's definition of "owner," which does not require "exclusive" use, with the Michigan Vehicle Code's definition of that same term, at MCL 257.37, which *does* require "exclusive" use. "[W]hile reference to the Vehicle Code may be used to clarify the meaning of a term used in the no-fault act, it cannot be used to change the meaning of a term specifically defined in the no-fault act." *Auto-Owners Ins Co v Hoadley*, 201 Mich App 555, 561; 506 NW2d 595 (1993). Accordingly, in this no-fault dispute, the Michigan Vehicle Code's definition of an "owner" does not apply.

The trial court further erred by holding that there is "no authority for the proposition that the insurer of a vehicle must pay PIP benefits when a named insure[d] is not involved in the accident." From a purely *contractual* standpoint, "there is simply no authority for the proposition that the insurer of a *vehicle* involved in an accident must pay PIP benefits . . . when no named insureds were involved in the accident." *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 16; 684 NW2d 391 (2004). However, a party's entitlement to PIP benefits need not be contractual in nature. On the contrary, entitlement to PIP benefits may be governed " 'solely by statute.' " *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 652-653; 899 NW2d 744 (2017), quoting *Harris v Auto Club Ins Ass'n*, 494 Mich 462, 472; 835 NW2d 356 (2013).

---

[1] MCL 500.3101(2) has since been amended by 2017 PA 140 in ways that are immaterial to this case. The definition of an "owner" is now found at MCL 500.3101(2)(*l*).

[2] See 1972 PA 294 (no-fault act); 1959 PA 189 (general rules of statutory construction).

[3] When the no-fault act does not define a term, it is appropriate to consult the Michigan Vehicle Code for guidance concerning that term's meaning. *Auto-Owners Ins Co v Hoadley*, 201 Mich App 555, 560-561; 506 NW2d 595 (1993).

MCL 500.3114 is an "entitlement" provision in that injured "persons are given the right to claim [PIP] benefits from a specific insurer." *Belcher*, 409 Mich at 251-252. MCL 500.3114(3) affords a plaintiff a statutory "cause of action directly against the . . . no-fault insurance carrier." *Mathis v Interstate Motor Freight Sys*, 408 Mich 164, 181; 289 NW2d 708 (1980). Any clause in a no-fault policy "attempting to limit an insurer's liability to less than that mandated by statute is void as against public policy." *State Farm Mut Auto Ins Co v Hawkeye-Security Ins Co*, 115 Mich App 675, 681; 321 NW2d 769 (1982). Therefore, the fact that no named insured was involved in the accident is not dispositive. The trial court erred by failing to recognize that MCL 500.3114(3) arises from the injured person's connection to the motor vehicle involved in the accident, not from the contractual definition of a named insured.

The trial court also failed to recognize that at least one genuine issue of material fact remained for resolution at trial. "Having the use" of a motor vehicle "means using the vehicle in ways that comport with concepts of ownership." *Ardt*, 233 Mich App at 690. "[O]wnership follows from *proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another." *Id*. at 691. "[I]t is not necessary that a person *actually* have used the vehicle for a thirty-day period before a finding may be made that the person is the owner. Rather, the focus must be on the nature of the person's right to use the vehicle." *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530; 676 NW2d 616 (2004). If the "arrangement under which the person has use of the vehicle is such that the right of use will extend beyond thirty days, that person is the 'owner' from the inception of the arrangement, regardless of whether a thirty-day period has expired." *Id*. at 531.

Progressive contends that neither MWR nor Kevin were "owners" because there is no *direct* evidence that MWR or Kevin had the use of the pickup truck for a continuous period exceeding 30 days. This argument ignores the fact that circumstantial evidence can create a genuine issue of material fact. See *McNeill-Marks*, 316 Mich App at 16. In addition, courts must consider the evidence and "all legitimate inferences" in favor of the nonmoving party. *Linden v Citizens Ins Co of America*, 308 Mich App 89, 92; 862 NW2d 438 (2014). When ownership is premised on a vehicle's "pattern of . . . usage," who constitutes an "owner" for no-fault purposes is a question of fact. *Ardt*, 233 Mich App at 691. In this case, Lacey testified (1) that he began working for MWR about six months before the accident, (2) that he worked approximately 40 to 45 hours each week, during which time he drove one of several "company" vehicles, (3) that the pickup truck was one of those vehicles, (4) that he switched company vehicles "pretty regularly" but might have used the pickup truck more than any other vehicle, (5) that he used the pickup truck over 20 times, (6) that his "bosses," Kevin and Kyle, referred to it as "a company truck" and told Lacey that it was his "work vehicle," (7) that they had equipped the pickup truck with a GPS device in order to track its location, and (8) that they told Lacey that if he had any problems with the vehicle, he should return it to them for maintenance. Additionally, MWR is a closely held family business; the pickup truck's title owner (Jennifer) is married to one of MWR's two owners, and the pickup truck was stored with MWR's company vehicles, not at Jennifer's residence. From this evidence, a rational trier of fact could reasonably infer that despite Jennifer's "title" ownership, MWR had the right to exercise proprietary control over the pickup truck throughout Lacey's entire period of employment, which far exceeded 30 days.

Consequently, the trial court erred by granting summary disposition in favor of Progressive. A genuine issue of fact exists whether the pickup truck's pattern of use over a six-month period establishes that MWR was one of the truck's "owners." Furthermore, this factual issue is decidedly material to the priority dispute between ACIA and Progressive. If MWR were one of the pickup truck's "owners," then Progressive would, as "the insurer of the furnished vehicle," have priority under MCL 500.3114(3) to pay all of Lacey's PIP benefits in this matter.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, defendant ACIA may tax costs. MCR 7.219.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell