*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC KENNETH WICKMAN,

Plaintiff-Appellant,

v

NORWAY TOWNSHIP CLERK and NORWAY TOWNSHIP BOARD,

Defendants-Appellees.

FOR PUBLICATION
July 18, 2024
9:05 a.m.

No. 367743
Dickinson Circuit Court
LC No. 2023-021091-AW

Before: RIORDAN, P.J., and RICK and N. P. HOOD, JJ.

N. P. HOOD, J.

This case is about the formal requirements for petition signature gatherers under Michigan Election Law, MCL 168.1 *et seq*. Specifically, it is about the requirement that a signature gatherer identify their city or township of residence. See MCL 168.544c(1).[1] Here, plaintiff, Eric Kenneth Wickman, appeals by right the trial court's order granting summary disposition in favor of defendants, Norway Township Clerk and Norway Township Board, under MCR 2.116(C)(8) (claim unenforceable as a matter of law) and (10) (no genuine issue of material fact). In doing so, the trial court dismissed Wickman's complaint for mandamus and a preliminary injunction. Through his complaint, Wickman sought to compel defendants to put a referendum on the Norway Township ballot regarding a zoning ordinance that the Norway Township Board passed despite the fact that he and other signature gatherers failed to identify their city or township of residence. Finding no error with the trial court's decision to deny mandamus, we affirm.

I. BACKGROUND

---

[1] As described in this opinion, the requirements in MCL 168.544c(1) apply through a series of cross-references. See MCL 168.488(2) (providing that MCL 168.482(6), among other subsections, applies to ballot referenda like the one at issue here); MCL 168.482(6) (incorporating by cross-reference certain requirements of MCL 168.544c).

The facts in this case are not largely in dispute. This case arises out of Norway Township's adoption of a zoning ordinance to regulate solar-energy facilities and an effort to put a voter referendum of the ordinance on the ballot. In November 2022, Norway Township adopted a zoning ordinance to regulate solar-energy facilities. Wickman and others began collecting signatures to hold a referendum on the ordinance.

At the time, Wickman lived in the unincorporated village of Vulcan. The village of Vulcan is in the southern portion of Norway Township, and it has postal addresses in both Norway and Waucedah Townships. Wickman lived in and was a registered voter in Waucedah Township, not Norway Township.

Within 30 days, 22 pages of signatures were filed in favor of conducting a referendum on the ordinance. Based on the number of votes cast in the prior gubernatorial election, 120 signatures were required to place the matter on the ballot for a referendum.[2]

Joyce Guiliani, the Norway Township Clerk (the Clerk), initially determined that, of the 159 signatures on the petition sheets, 142 signatures were of registered Norway Township voters. But Circle Power Renewables (Circle Power),[3] a company interested in developing a solar-energy facility in Norway Township, objected to the validity of the petition sheets. The Clerk then consulted with Norway Township's attorneys about the bases for the objections. The attorneys advised her that no more than 61 of the voter signatures were valid. The Clerk reviewed and adopted the attorneys' analysis, and she struck defective petition sheets as invalid. Specifically, the Clerk concluded that eight sheets were defective because circulators had identified an address in the village of Vulcan without identifying their city or township of residence, and three sheets were defective because circulators identified their address as being in Iron Mountain, Michigan without identifying Breitung Township.[4] As a result, the referendum drive did not have the 120 required signatures, and the ordinance went into effect.

Wickman, who had collected 49 of the signatures, filed a complaint seeking mandamus and a preliminary injunction. In his complaint, Wickman admitted that he had not identified his city or township, but he asserted that "strict compliance" was not the proper standard to apply to his petition sheets, and his petition sheets should not have been invalidated. Defendants moved for summary disposition under MCR 2.116(C)(8) and (10), asserting that the petition sheets were invalid because they did not identify the circulator's city or township, and Wickman was required to strictly comply with the Michigan Election Law, MCL 168.1 *et seq*., regarding referendum petitions.

---

[2] Under MCL 125.3402(2), the number of valid voter signatures must exceed 15% of the number of votes cast for governor in the last gubernatorial election. In 2022, 793 Norway Township residents voted in the gubernatorial election. The parties do not dispute that this required 120 votes.

[3] Circle Power has filed a brief amicus curiae in this appeal.

[4] The city of Iron Mountain, Michigan is in the southwest of Breitung Township. Breitung Township is adjacent to Norway Township on the east.

Following a hearing, the trial court granted summary disposition in favor of defendants. It ultimately found that Wickman had used his postal address (referencing the village of Vulcan) in the circulator's certification section of the petition, but he had not specified his city or township (in Wickman's case, Waucedah). The trial court determined that MCL 168.482 provided that all information on the form was mandatory, that there was no basis to hold that the provision of a city or township was an exception, and that the circulator could not use a postal address instead of the circulator's city or township. The court determined that, by failing to include his township of residence, Wickman had not strictly complied with the applicable statutes. The court granted defendants' motion for summary disposition under MCR 2.116(C)(8) and (10) and denied Wickman's requests for mandamus and injunctive relief. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A party is entitled to summary disposition if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When a party moves the trial court for summary disposition under MCR 2.116(C)(8) and (10) and the trial court considers documents outside the pleadings when deciding the motion, this Court reviews the trial court's decision under MCR 2.116(C)(10). *Cary Investments, LLC v Mt Pleasant*, 342 Mich App 304, 312-313; 994 NW2d 802 (2022).

This Court reviews de novo issues concerning the interpretation and application of statutes. *Committee for Marshall-Not the Megasite v City of Marshall*, ___ Mich App ___, ___; ___ NW3d ___ (Docket No. 369603) (2024); slip op at 7. Whether a statute applies in a specific case is an issue of statutory interpretation. *In re Forfeiture of $176,598*, 465 Mich 382, 385; 633 NW2d 367 (2001). Mandamus is an extraordinary writ. *Committee for Marshall*, ___ Mich App at ___; slip op at 9. We review a trial court's decision whether to issue the writ of mandamus for an abuse of discretion. *Id*. at ___; slip op at 8.

## III. COMPLIANCE WITH MICHIGAN ELECTION LAW

Wickman's primary substantive argument is that the trial court erred when it concluded that MCL 168.544c required strict compliance and struck his and other signature gatherers' petition sheets as failing to comply with its formal requirements. He argues that the Clerk should not have invalidated the signatures on the petition sheets that he submitted when he, the circulator, failed to indicate his city or township. But his argument lacks merit because a petition sheet must strictly comply with MCL 168.544c. See MCL 168.482(6) (incorporating by cross-reference certain requirements of MCL 168.544c). MCL 168.544c requires a circulator to indicate the circulator's city or township in the circulator's certification. By listing the village of Vulcan, his unincorporated village of residence, instead of Waucedah, his township of residence, Wickman failed to comply with this requirement. Under the statute, this means the signatures contained on his deficient sheets are invalid.

We review questions of statutory interpretation de novo. *Wells Fargo Rail Corp v Michigan*, 344 Mich App 351, 358; 1 NW3d 373 (2022).

-3-

The goal of statutory interpretation is to determine and apply the intent of the Legislature. The first step in determining legislative intent is to examine the specific language of the statute. If the language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. The provisions of a statute must be read in the context of the entire statute to produce a harmonious whole. This Court must consider the object of the statute and the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose. [*Yopek v Brighton Airport Ass'n, Inc*, 343 Mich App 415, 424; 997 NW2d 481 (2022) (quotation marks and citations omitted).]

This Court must also avoid interpretations that render statutory language meaningless. *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012). When the Legislature includes language in one part of a statute that it omits in another, this Court assumes that the omission was intentional. *Four Zero One Assoc, Inc v Dep't of Treasury*, 320 Mich App 587, 596; 907 NW2d 892 (2017).

## A. THE MZEA AND MICHIGAN ELECTION LAW

This case involves the interrelationship between the Michigan Zoning Enabling Act (MZEA), 125.3101 *et seq.*, and the Michigan Election Law. The MZEA provides the procedures for rezoning land through ordinances like the one at issue in this case, see MCL 125.3401, and challenging ordinances through petitions for ballot referenda, see MCL 125.3402 (providing the process for submitting zoning ordinances to electors). The MZEA requires a petition concerning the enactment of a zoning ordinance to comply with Michigan Election Law. See MCL 125.3402(4).

The MZEA provides the procedures and requirements for challenging a zoning ordinance via petitions for a ballot referendum. First, "[w]ithin 7 days after publication of a zoning ordinance under [MCL 125.3401], a registered elector residing in the zoning jurisdiction of a county or township may file with the clerk of the legislative body a notice of intent to file a petition under this section." MCL 125.3402. This notice of intent effectively pauses the implementation of the ordinance to accommodate the circulation of petitions. See MCL 125.3402(3) (providing that a zoning ordinance shall not take effect unless (1) a petition is not filed within 30 days, (2) a petition is filed but the clerk determines that the petition is inadequate, or (3) an adequate petition is filed but the ordinance is approved by a majority of the electors who reside in the zoning jurisdiction). The MZEA explicitly incorporates the petition and election processes provided in the Michigan Election Law. See MCL 125.3402(4) ("A petition and an election under this section are subject to the Michigan election law[.]"). This process "provides a referendum mechanism for electors of a county or township to challenge zoning ordinances passed under MZEA." *GWCC Holdings, LLC v Alpine Twp*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367925); slip op at 5.

To that end, the Michigan Election Law, as incorporated into the MZEA, provides the form and content requirements for valid petitions in several sections that cross-reference each other. In general, MCL 168.482 provides the size, form, and content requirements that apply to any provision. See MCL 168.482. But only certain of those provisions apply to a petition for a referendum, like the one at issue here. See MCL 168.488(2) (providing that MCL 168.482(1), (4), (5), and (6) "apply to a petition to place a question on the ballot before the electorate of a political

subdivision under a statute that refers to this section, and to the circulation and signing of the petition."). This includes requirements for the size of paper on which the petition is printed, see MCL 168.482(1), the preamble and text identifying the purpose of the petition, see MCL 168.482(4), and a warning against fraudulent signing, see MCL 168.482(5). See MCL 168.488(2). But relevant to this case, it also incorporates MCL 168.482(6), which provides in relevant part that "the remainder of the petition form must be as provided following the warning to electors signing the petition in section [MCL 168.544c(1)]. The petition must comply with the requirements of [MCL 168.544c(2)]." In other words, MCL 168.482(6) cross-references and incorporates all of the requirements of MCL 168.544c(2) and certain of the requirements of MCL 168.544c(1).

First, regarding MCL 168.482(6)'s cross-reference to MCL 168.544c(2), MCL 168.544c(2) contains specific requirements regarding the names and signatures of electors and circulators, and it then incorporates MCL 168.544c(1):

> The petition must be in a form providing a space for the circulator and each elector who signs the petition to print his or her name. The secretary of state shall prescribe the location of the space for the printed name. The failure of the circulator or an elector who signs the petition to print his or her name, to print his or her name in the location prescribed by the secretary of state, or to enter a zip code or his or her correct zip code does not affect the validity of the signature of the circulator or the elector who signs the petition. A printed name located in the space prescribed for printed names does not constitute the signature of the circulator or elector. If an elector does not include his or her signature, his or her street address or rural route, or the date of signing on the petition as required under [MCL 168.544c(1)], the elector's signature is invalid and must not be counted by a filing official.

"MCL 168.482(6)'s cross-reference to subsection 544c(1) is intended to only incorporate the portion of MCL 168.544c(1) that is expressly referenced in MCL 168.482(6) itself, i.e., that portion that follow[s] the warning to electors signing the petition in section 544c(1)." *GWCC Holdings, LLC*, ___ Mich App at ___; slip op at 10 (quotation marks omitted; alteration in original).

Second, as stated, MCL 168.482(6), requires the inclusion of certain information listed in MCL 168.544c(1). The portion of MCL 168.544c(1) that follows the warning to electors signing the petition includes in part the following information:[5]

---

[5] Alternatively stated in written text, the portion of MCL 168.544c(1) that follows the warning to electors signing the petition includes in part the following:

_____

(Printed Name and Signature of Circulator)                    (Date)


_____

(Complete Residence Address (Street and Number or Rural Route))
Do not enter a post office box

_____

(Printed Name and Signature of Circulator)            (Date)

_____

(Complete Residence Address (Street and Number or Rural Route))
Do not enter a post office box

_____

(City or Township, State, Zip Code)

_____

(County of Registration, if Registered to Vote, of a Circulator who is not a Resident of Michigan)

MCL 168.482a(4) provides that, "[i]f a petition under [MCL 168.482] is circulated and the petition does not meet all of the requirements under [MCL 168.482], any signature obtained on that petition is invalid and must not be counted." In other words, read literally, failing to include the circulator's city or township on the petition means any signature obtained on that petition is invalid and not counted.

To summarize, the MZEA incorporates the Michigan Election Law. Through a series of cross-references, the Michigan Election Law requires a person circulating a petition like the one at issue here to identify their city or township.

## B. STRICT COMPLIANCE

Wickman argues that the trial court erred by applying what he describes as the "judicial doctrine of 'strict compliance' " to his petition. Put differently, Wickman argues that the trial court erred by applying the statute as written. We disagree. The trial court correctly concluded that the mandatory language in these cross-referenced statutory provisions imposed requirements and left no room for "substantial compliance."

Our Supreme Court has held that "substantial compliance" does not apply to the mandatory provisions of the Michigan Election Law. *Stand Up For Democracy v Secretary of State*, 492 Mich 588, 601; 822 NW2d 159 (2012). "[P]rovisions of the Michigan Election Law, MCL 168.1 *et seq.*, demonstrate that the Legislature knows how to construct language specifically permitting substantial compliance with regard to form and content requirements." *Stand Up For Democracy*, 492 Mich at 601. The use of a mandatory term indicates that a petition sheet must strictly comply with a requirement. *Id*. at 602. The word "must" is a mandatory term. *GWCC Holdings*, ___ Mich App at ___; slip op at 8. When a statute provides that a petition sheet "must comply" with

---

_____

(City or Township, State, Zip Code)

_____

(County of Registration, if Registered to Vote, of a Circulator who is not a Resident of Michigan)

-6-

a statute rather than providing that the petition must "substantially comply," the doctrine of strict compliance must be applied. *Id*. at ___; slip op at 8-9.

Here, the petition "must" comply with MCL 168.544c(2). See MCL 168.482(6). And the petition "must" be in a specific form. See MCL 168.544c(1) and (2). Contrary to Wickman's arguments, these requirements are not judicially created. They are a product of the Legislature. The trial court merely (and correctly) applied the terms of the statute as written. Wickman and the other signature gatherers were required to strictly comply with the statutory requirements. We reject his invitation to reach a different conclusion.

### C. WICKMAN'S PETITION SHEETS DID NOT STRICTLY COMPLY WITH THE MICHIGAN ELECTION LAW

We now consider whether Wickman's petition sheets strictly complied with the Michigan Election Law when he did not indicate his city or township. We conclude that they did not.

Wickman makes two related arguments regarding the application of MCL 168.544c(1). First, he argues that MCL 168.544c(1) merely provided a form, it did not require specific content. Second, he argues that even if the statute required identification of a petition circulator's city or township, the remedy is not to invalidate the signatures collected on the erroneous pages. We address both arguments in turn.

First, Wickman argues that MCL 168.544c(1) applies only to the information that must be provided on the petition form, not to the information that the circulator fills out. In other words, he argues that the petition must contain a field for the circulator, but not necessarily content in that field. This argument is contrary to the statutory language, see MCL 168.544c(1), and this Court's caselaw.

This Court must avoid statutory interpretations that render statutory language meaningless. *Johnson*, 492 Mich at 177. "[C]ourts should not abandon common sense when construing a statute." *Hmeidan v State Farm Mut Auto Ins Co*, 326 Mich App 467, 478; 928 NW2d 258 (2018) (quotation marks and citation omitted; alteration in original).

As previously discussed, MCL 168.544c(2) provides in pertinent part that

[t]he failure of the circulator or an elector who signs the petition to print his or her name, to print his or her name in the location prescribed by the secretary of state, or to enter a zip code or his or her correct zip code does not affect the validity of the signature of the circulator or the elector who signs the petition. A printed name located in the space prescribed for printed names does not constitute the signature of the circulator or elector.

The certification of the circulator is one portion of MCL 168.544c(1) that is incorporated into MCL 168.544c(2), and through it, ultimately to Wickman's petition sheets. See *GWCC Holdings, LLC*, ___ Mich App at ___; slip op at 10. The certification of the circulator includes fields for "City or Township, State, Zip Code." See MCL 168.544c(1).

The statute explicitly provides four exceptions when missing or incorrect information in these fields on the circulator's certification will *not* affect the validity of the circulator's signature: (1) a failure to print a name, (2) a failure to print a name in the correct location, (3) a failure to enter a zip code, and (4) the entry of an incorrect zip code. See MCL 168.544c(2). It does not include failure to enter a township or city. See *id*. Because the Legislature included a list of exceptions, and that list does not include any exceptions regarding the circulator's city or township, we presume that the omission was intentional. See *Four Zero One Assoc*, 320 Mich App at 596. If courts were to excuse all errors when filling out the circulator's signature box by hand, this practice would render meaningless the portion of MCL 168.544c(2) that provides specific exceptions for information that has been omitted or incorrectly filled out by the circulator. Because the circulator's failure to fill in or incorrect entry of information regarding the elector's city or township is not one of the explicit exceptions that do not affect the validity of a circulator's certification, and through it, the validity of the petition sheet, Wickman's failure to indicate his city or township when filling out the certification is not an error that can be excused.

Second, Wickman argues that an error in the circulator's certification should not invalidate otherwise valid signatures on the petition sheet. For support, Wickman relies on our decision in *Protecting Mich Taxpayers v Bd of State Canvassers*, 324 Mich App 240, 245; 919 NW2d 677 (2018). There, this Court considered whether a circulator's failure to enter their correct address resulted in the petition's failure to comply with MCL 168.544c. *Protecting Mich Taxpayers*, 324 Mich App at 245. This Court held that it did not need to resolve the dispute because, whether or not an address was required, the penalty for an incorrect address did not include striking valid signatures. *Id*. at 246. This Court observed that MCL 168.544c "creates specific penalties for negligent and intentional malfeasance," *id*. at 250, but "[n]otably absent from [MCL 168.544c] is any mention of striking signatures or petition sheets." *Id*. at 247. We concluded that the intervening defendants seeking to invalidate certain signatures based on the incorrect addresses were asking for a penalty where none existed. *Id*. at 250.

Wickman's reliance on *Protecting Mich Taxpayers* is misplaced because the statute provides explicit guidance on what to do with the errors at issue here. MCL 168.482a(4) provides that, "[i]f a petition under [MCL 168.482] is circulated and the petition does not meet all of the requirements under [MCL 168.482], any signature obtained on that petition is invalid and must not be counted." As described above, through a series of cross-references, MCL 168.482(6) incorporates MCL 168.544c(2), which incorporates a portion of MCL 168.544c(1). By failing to meet the requirements of MCL 168.544c(1), Wickman's petition sheets do not meet the requirements of MCL 168.482, because he listed an unincorporated village instead of his township or city of residence. Any signatures obtained on his petition sheets are invalid.[6]

---

[6] We note that Wickman also argues that differences between former MCL 168.544c, as amended by 2014 PA 418, and former MCL 168.544c, as amended by 2014 PA 94, support that the Legislature has relaxed the requirements on petition circulators. We disagree. Changes to the statute regarding whether petition circulators need to be registered electors in Michigan do not demonstrate that anything less than strict compliance is required regarding a circulator's certification. A more plausible explanation for the amendment was that it represents a prophylactic

In sum, the trial court correctly concluded that MCL 168.482(6) and MCL 168.544c require a signature gatherer to identify their city or township, not just their postal address. The statute requires strict compliance. Wickman's failure to include his township or city of residence rendered the sheets invalid.

## IV. MANDAMUS

Having reached this conclusion, we also conclude that the trial court correctly granted summary disposition on Wickman's complaint for mandamus.

> To be entitled to a writ of mandamus, a plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. [*Barrow v Wayne Co Bd of Canvassers*, 341 Mich App 473, 484-485; 991 NW2d 610 (2022) (quotation marks and citation omitted).]

Because Wickman has not established that his petition sheets complied with form and content requirements, his sheets are not valid, and the petition does not have enough valid signatures to be placed on the ballot. Wickman does not have a clear legal right to have the petition placed on the ballot. See *Stand Up For Democracy*, 492 Mich at 618-619. Likewise, defendants had no legal duty to certify the defective petitions. See *Committee for Marshall*, ___ Mich App at ___; slip op at 10. Either of these elements provided a basis for denying the requested writ of mandamus. See *id.* at ___; slip op at 13.

## V. UNPRESERVED ISSUES

Finally, Wickman raises two other arguments, neither of which is preserved. First, he argues that the trial court erred by granting summary disposition to defendants because, by statute, the Clerk could not consider the validity of the petition without the filing of a formal complaint. Because Circle Power did not file a formal complaint when it challenged the petition, Wickman argues the Clerk could not consider it. He also argues that he has a clear legal right to have defendants admit that he had not provided a fraudulent address on his circulator's certification, because he may otherwise be exposed to criminal liability. We decline to address these unpreserved issues.

Wickman's remaining two issues are not preserved because he did not raise them before the trial court. See *Whitmer v Bd of State Canvassers*, 337 Mich App 396, 412; 976 NW2d 75 (2021). An issue is not preserved if the party did not raise it before the lower court. See *id.* "In civil cases, Michigan follows the raise or waive rule of appellate review." *Tolas Oil & Gas*

---

attempt to remove constitutionally questionable restrictions on political speech. Cf. *Buckley v American Constitutional Law Foundation, Inc*, 525 US 182, 186-187, 194-196; 119 S Ct 636; 142 L Ed 2d 599 (1999) (holding that banning paid circulators or limiting the circulators to registered voters amounts to a diminution in speech that is not justified by the government's interest in policing lawbreakers among petition circulators).

*Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2 (quotation marks and citation omitted). "If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Id*. at ___; slip op at 3 (citation omitted).

Although the so-called "raise-or-waive" rule has myriad exceptions, none apply to this case. Under the "raise-or-waive" rule, this Court may elect to address an unpreserved issue "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. (quotation marks and citation omitted). Because no exception warrants considering Wickman's unpreserved issues, we decline to address them.[7]

## VI. CONCLUSION

For the reasons stated above, we affirm.

/s/ Noah P. Hood
/s/ Michael J. Riordan
/s/ Michelle M. Rick

---

[7] Notably, Wickman's argument regarding the Clerk's authority to review petition sheets without the filing of a formal complaint is not only unpreserved but also relies on unresolved facts. Wickman's assertion that Circle Power did not file a complaint is not an agreed-upon fact and was not part of defendants' motion for summary disposition. It, therefore, does not qualify as an error of law for which the necessary facts have been presented. We also observe that the statute on which Wickman relies appears to relate to nominating petitions, not petitions for referenda. See, e.g., MCL 168.552.