*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS TARHANICH,

        Plaintiff-Appellant,

v

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant-Appellee,

and

MEMBERSELECT INSURANCE COMPANY,
MICHIGAN ASSIGNED CLAIMS PLAN, AND
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendants.

UNPUBLISHED
March 05, 2026
2:59 PM

No. 368735
Washtenaw Circuit Court
LC No. 22-000790-NF

Before: GADOLA, C.J., and BOONSTRA and PATEL, JJ.

PER CURIAM.

In this action for first-party personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., plaintiff appeals by right the trial court's order of dismissal. On appeal, plaintiff challenges the trial court's grant of summary disposition to defendant Allstate Property and Casualty Insurance Company under MCR 2.116(C)(10). We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The facts in this case are undisputed. On May 11, 2022, plaintiff was operating his motorcycle in Livonia, Michigan, when he collided with a vehicle owned and operated by

Mohammad Javid Qurbankhael. As a result of the crash, plaintiff's right leg had to be amputated below the knee. Plaintiff has incurred over $50,000 in medical expenses for his injuries.

At the time of the accident, Qurbankhael's vehicle was insured by defendant MemberSelect Insurance Company under an automobile insurance policy that provided PIP medical-benefits coverage of $50,000.[1] It is undisputed that MemberSelect was the highest-priority insurer according to the order of priority under MCL 500.3114(5). In addition, plaintiff owned a Chevrolet Silverado that was insured by Allstate under an automobile insurance policy that included unlimited PIP medical-benefits coverage.

Plaintiff commenced this action seeking benefits under the no-fault act. MemberSelect presented proof that its $50,000 in PIP medical-benefits coverage had been exhausted, and plaintiff stipulated to dismiss his claims for PIP medical-benefits coverage against MemberSelect with prejudice.[2] Thereafter, Allstate moved for summary disposition under MCR 2.116(C)(10) arguing that it had no liability for payment of PIP benefits because its policy was lower than MemberSelect's policy in the order of priorities under MCL 500.3114(5) and plaintiff was not entitled to claim excess PIP coverage from a lower-priority insurer. In response, plaintiff asserted that Allstate was statutorily and contractually obligated to provide unlimited PIP medical-benefits coverage after MemberSelect's PIP medical-expense coverage was exhausted. The trial court granted summary disposition to Allstate.

Plaintiff now appeals.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is warranted when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (cleaned up).

Questions of statutory interpretation are also reviewed de novo. *Milne v Robinson*, 513 Mich 1, 7; 6 NW3d 40 (2024).

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting Allstate's motion for summary disposition because the no-fault act does not prohibit plaintiff from claiming PIP medical benefits

---

[1] Throughout this opinion, we refer to "allowable expenses" described in MCL 500.3107(1)(a) as PIP medical-benefits coverage.

[2] Defendants Michigan Assigned Claims Plan and Michigan Automobile Insurance Placement Facility were dismissed by an earlier stipulated order.

from a lower-priority insurer after a higher-priority insurer's PIP medical-benefits coverage is exhausted. We agree.

PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). Generally, persons injured in motor vehicle accidents must seek no-fault benefits from their own no-fault insurer under MCL 500.3114(1)[3] unless one of the exceptions provided in MCL 500.3114(2),[4] (3),[5] or (5) applies. Relevant to this appeal, MCL 500.3114(5) establishes the order of priority that an operator or passenger of a motorcycle must follow to claim no-fault benefits for injuries sustained in an accident involving a motor vehicle:

> Subject to subsections (6)[6] and (7),[7] a person who suffers accidental bodily injury arising from a motor vehicle accident that shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall

---

[3] MCL 500.3114(1) states, in pertinent part, "A personal injury insurance policy described in [MCL 500.3103(2)] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident."

[4] MCL 500.3114(2) states, in pertinent part, "A person who suffers accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle."

[5] MCL 500.3114(3) states, "An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle."

[6] MCL 500.3114(6) states:

> If an applicable insurance policy in an order of priority under subsection (5) is a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d, or as to which an exclusion under section 3109(2) applies, the injured person shall claim benefits only under other policies, subject to subsection (7), in the same order of priority for which no such election has been made. If there are no other policies for which no such election has been made, the injured person shall claim benefits under the next order of priority or, if there is not a next order of priority, under the assigned claims plan under sections 3171 to 3175.

[7] MCL 500.3114(7) states, "If personal protection insurance benefits are payable under subsection (5) under 2 or more insurance policies in the same order of priority, the benefits are only payable up to an aggregate coverage limit that equals the highest available coverage limit under any 1 of the policies."

claim personal protection insurance benefits from insurers in the following order of priority:

> (a) The insurer of the owner or registrant of the motor vehicle involved in the accident.

> (b) The insurer of the operator of the motor vehicle involved in the accident.

> (c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.

> (d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

In this case, plaintiff was operating a motorcycle when he was struck by Qurbankhael's vehicle, which was insured by MemberSelect with maximum coverage of $50,000 in PIP medical-expense benefits per individual per accident. It is undisputed that Qurbankhael's MemberSelect insurance policy is the highest in the order of priority under MCL 500.3114(5)(a) and the PIP medical-expense coverage limit was exhausted under that policy. It is also undisputed that plaintiff's Allstate motor vehicle insurance policy has unlimited PIP medical-expense coverage and is the lowest in the order of priority under MCL 500.3114(5)(c). See also *Hmeidan v State Farm Mut Auto Ins Co*, 326 Mich App 467, 480-481; 928 NW2d 258 (2018) (holding that MCL 500.3114(5)(c) applies to any applicable motor vehicle policies that cover a motorcycle operator).

Before legislative reform in 2019, the no-fault act allowed all persons injured in motor vehicle accidents to receive unlimited lifetime benefits for "allowable expenses" under MCL 500.3107(1). See *Douglas v Allstate Ins Co*, 492 Mich 241, 256; 821 NW2d 472 (2012). In 2019, the Legislature amended the no-fault act to allow persons to limit or decline PIP medical-benefits coverage on no-fault insurance policies issued or renewed after July 1, 2020. See 2019 PA 21; 2019 PA 22; MCL 500.3107c; MCL 500.3107d; MCL 500.3109a. Depending on other accident and health insurance that a policyholder may have, a policyholder can choose from six different

-4-

PIP medical-benefits coverage levels: (1) no coverage;[8] (2) $50,000.00;[9] (3) $250,000.00 with exclusions;[10] (4) $250,000.00;[11] (5) $500,000.00;[12] and (6) unlimited coverage.[13]

"[B]ecause the 2019 amendments allow policyholders to decline or limit PIP coverage, there may be circumstances in which the benefits sought exceed the first-in-priority insurer's policy limits." *Mary Free Bed Rehab Hosp v Esurance Prop and Cas Co*, __ Mich App __, __; __ NW3d __ (2026) (Docket No. 370846); slip op at 11-12. "Under such circumstances, and when a lower-priority insurer has a higher limit (or, as is the case here, no limit at all), . . . the plain language of MCL 500.3114(5) allows an injured motorcyclist . . . to recover from such lower-priority insurers once coverage by a higher-priority insurer is exhausted." *Id*. at __; slip op at 12. "To deny an injured motorcyclist access to their own unlimited-coverage policy, should a higher-in-priority policy associated with the accident vehicle be capped, runs counter to the spirit of the no-fault act and its 2019 amendments which prioritize personal choice in insurance policies." *Id*. at __; slip op at 12.

MCL 500.3114(5) allows plaintiff to recover PIP medical benefits from his lower-priority Allstate motor vehicle policy after the PIP medical-benefits coverage was exhausted under Qurbankhael's higher-priority MemberSelect insurance policy. Accordingly, the trial court erred by granting summary disposition to Allstate.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Sima G. Patel

---

[8] MCL 500.3107d.

[9] MCL 500.3107c(1)(a). Qurbankhael elected to limit his PIP medical-benefits coverage to $50,000. To be eligible for this limited coverage option, the applicant or named insured needs to be a Medicaid recipient and everyone else covered by the policy needs to have qualified health coverage or Medicaid. "Qualified health coverage" is defined as either Medicare Parts A and B or other health or accident coverage that does not limit coverage for injuries from motor vehicle accidents and has a deductible under a certain amount that is adjusted annually. MCL 500.3107d(7)(b).

[10] MCL 500.3017c(1)(b); MCL 500.3109a(2).

[11] MCL 500.3107c(1)(b).

[12] MCL 500.3107c(1)(c).

[13] MCL 500.3107c(1)(d).